IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Richard K. Wilborn,<br><br>   Petitioner,<br><br>v.<br><br>Jason Gunther,<br><br>   Respondent. | No. CV 24-02062-PHX-SRB (MTM)<br><br>**REPORT AND RECOMMENDATION** |

TO THE HONORABLE SUSAN R. BOLTON, SENIOR UNITED STATES DISTRICT JUDGE:

Petitioner Wilborn filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. Doc. 1.

**I. SUMMARY OF CONCLUSION**

Invoking the First Step Act, Petitioner asserts that the Bureau of Prisons has violated federal law by limiting earned time credits to low-risk inmates, that he is entitled to earned time credits from the time his sentence was imposed, and that his earned time credits were improperly withheld. The Court finds that the Petition is not ripe for resolution and that Petitioner has not exhausted his administrative remedies within the Bureau of Prisons. Accordingly, the Court will recommend that the Petition be denied and dismissed without prejudice.

///

///

## II. BACKGROUND

### A. FSA

Under the First Step Act ("FSA"), by participating in programming, federal inmates earn time credits towards an earlier release date. An eligible inmate "who successfully completes evidence-based recidivism reduction programming or productive activities, shall earn time credits," 18 U.S.C. § 3632(d)(4)(A)(i), that are applied "toward time in prerelease custody or supervised release." 18 U.S.C. § 3632(d)(4)(C).

### B. Petitioner

Petitioner was sentenced in February 2022 to an 84-month term of imprisonment for federal convictions. Doc. 13-1 at 6. The Bureau of Prisons ("BOP") has determined Petitioner to be a low risk for recidivism and has applied 290 days of earned time credits towards his early release. *Id*. at ¶ 17.

## III. PETITION FOR WRIT OF HABEAS CORPUS

On August 14, 2024 Petitioner filed his habeas petition (doc. 1), asserting that (1) the BOP has violated federal law by limiting earned time credits to low-risk inmates, that (2) he is entitled to earned time credits from the time his sentence was imposed, and that (3) the BOP improperly disciplined him by withholding earned time credits.

On December 23, 2024, Respondent filed an Answer, challenging this Court's jurisdiction and asserting that Petitioner has failed to properly exhaust his administrative remedies. Doc. 13 at 6-7.

## IV. DISCUSSION

### A. Subject Matter Jurisdiction

Federal courts have an independent obligation to examine their own jurisdiction. *See Hernandez v. Campbell*, 204 F.3d 861, 865 (9th Cir. 2000). In *Reeb v. Thomas*, 636 F.3d 1224, 1227 (9th Cir. 2011) the Ninth Circuit noted that 18 U.S.C. § 3625 specifies that judicial review under the Administrative Procedures Act is not applicable to any determination, decision, or order "made pursuant to 18 U.S.C. §§ 3621-3624." As amended by the FSA, 18 U.S.C. § 3624(g) "details the criteria for when a prisoner becomes eligible,

considering earned time credit, for transfer to prerelease custody or supervised release." *Bottinelli v. Salazar*, 929 F.3d 1196, 1197-98 (9th Cir. 2019). "A habeas claim cannot be sustained based solely upon the BOP's purported violation of its own program statement because noncompliance with a BOP program statement is not a violation of federal law." *Reeb,* 636 F.3d at 1227. Accordingly, a district court lacks jurisdiction to adjudicate the merits of a petition alleging only "that the BOP erred in his particular case." *Id*. at 1228. In contrast, judicial review *is* available where a habeas petition alleges "that BOP action is contrary to established federal law, violates the United States Constitution, or exceeds its statutory authority." *Id*.

In claim one Petitioner alleges that BOP's failure to grant earned time credits to all inmates, "irrespective of their recidivism risk assessment score" is "in direct contradiction to Congress' intent, and in violation of established law" (doc. 1 at 5-6); in claim two Petitioner alleges that in failing to grant earned time credits "from the time sentence is imposed," BOP ignores the statutory definition of when a sentence "commences." Doc. 1 at 7-9.  Under *Reeb*, both those claims allege violations of federal law in a manner sufficient to invoke this Court's jurisdiction.

**B.     Ripeness**

Relying on 18 U.S.C. § 3624(g)(1)(A), Respondent asserts that the Petition is not ripe for resolution, because Petitioner's accumulated earned time credits of 290 days do not equal the time remaining in his sentence. Accordingly, Respondent asserts that Petitioner is not yet eligible under the statute to have his earned time credits applied to his sentence computation.  Doc. 13 at 14-15.

The ripeness doctrine is designed to "prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements over administrative policies, and also to protect the agencies from judicial interference until an administrative decision has been formalized and its effects felt in a concrete way by the challenging parties." *Nat'l Park Hosp. Ass'n v. Dep't of Interior*, 538 U.S. 803, 807-08 (2003) (quoting *Abbott Labs. v. Gardner*, 387 U.S. 136, 148-49 (1967)).

At the time of Respondent's Answer, Petitioner's projected release date, excluding earned time credits, was May 1, 2027. Doc. 13 at 14. Even assuming that Petitioner maintains his eligibility to apply his earned time credits (by remaining a low recidivism risk), he is not eligible to apply his earned time credits to his sentence until July 15, 2026, when his earned time credits would be "equal to the remainder of [his] imposed term of imprisonment." Doc. 13 at 14-15.

This Court agrees with Respondent that the Petition is not ripe for resolution. *See Velasquez v. Gunther,* 2025 WL 1135304, at *3 (D. Ariz. March 4, 2025) (finding Petition not ripe where Petitioner was not eligible for application of earned time credits), Report and Recommendation *adopted by* 2025 WL 113524 (D. Ariz. April 17, 2025). Accordingly, this Court recommends that the Petition be dismissed without prejudice.

### C.     Petitioner's Failure to Exhaust Administrative Remedies

Petitioner acknowledges he did not exhaust his administrative remedies. Doc. 1 at 3. He requests that his failure to exhaust be excused, as it would be "an exercise in futility" to require exhaustion, because "BOP would enforce its own regulation." *Id*. at 4.

The *Reeb* Court noted that inmates may challenge the BOP's discretionary determinations through the BOP's administrative remedy program. 636 F.3d at 1227. Ordinarily, absent exhaustion, a court should dismiss a petition without prejudice or stay the proceedings until administrative remedies have been exhausted. *See Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011).

Under the facts of Petitioner's case, this Court will not excuse Petitioner's failure to exhaust his administrative remedies, as his failure to do so has impeded preparation of a useful record and frustrated judicial economy. *See Jones v. Bock*, 549 U.S. 199, 219 (2007). In particular, the Court notes that Petitioner's third claim – that he was improperly disciplined by the withholding of earned time credits – presents a factual dispute that would likely have been resolved if Petitioner had engaged in the administrative review process. Respondent asserts that it is not factually correct that Petitioner was disciplined as he claims. Specifically, Respondent disputes that Petitioner lost earned time credits as a

disciplinary sanction, noting that Petitioner's loss of commissary privileges, loss of telephone privileges, loss of social visitation privileges and other sanctions do not constitute loss of earned time credits. Doc. 13 at 15, and Doc. 13-1, Ex. A, at 8 (declaration of Shaleen Ruelas, detailing Petitioner's disciplinary history). On this record, the BOP's administrative remedy process, not this Court, is the proper forum for the resolution of that factual dispute.

V.     **CONCLUSION**

**IT IS THEREFORE RECOMMENDED** that the Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. 1) be **DENIED** and **DISMISSED WITHOUT PREJUDICE**.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have 14 days from the date of service of a copy of this Report and Recommendation within which to file specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(b) and 72. Thereafter, the parties have 14 days within which to file a response to the objections.

Failure to timely file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order of judgment entered pursuant to the Magistrate Judge's Report and Recommendation. *See* Fed. R. Civ. P. 72.

Dated this 14th day of May, 2025.

Honorable Michael T. Morrissey
United States Magistrate Judge